| | | |
|---|---|---|
| **MARGO PADILLA DEMETZ,** | * | **IN THE** |
| 5033 Forge Haven Drive | | |
| Perry Hall, MD 21128 | * | **CIRCUIT COURT** |
| *Plaintiff,* | * | **OF MARYLAND** |
| **vs.** | * | **FOR** |
| **MIDLAND FUNDING, LLC** | * | **BALTIMORE COUNTY** |
| % Corporation Service Company | | |
| Ste. 400 | * | Case No. ___C-12-11628___ |
| 2711 Centerville Road | | |
| Wilmington, DE 19808 | * | |
| Serve on: | * | |
| CSC-Lawyers Incorporating | * | |
| Service Company | | |
| 7 St. Paul St., Ste. 1660 | * | |
| Baltimore, MD 21202 | * | |
| *and* | * | |
| **MIDLAND CREDIT** | * | |
| **MANAGEMENT, INC.** | | |
| 500 West First | * | |
| Hutchinson, KS 67501 | * | |
| Serve on: | * | |
| CSC-Lawyers Incorporating | * | |
| Service Company | | |
| 7 St. Paul St., Ste. 1660 | * | |
| Baltimore, MD 21202 | * | |
| *and* | * | |
| **FULTON FRIEDMAN &** | * | |

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500



GULLACE, LLP                               *
Suite 500
28 East Main Street                        *
Rochester, NY 14614
                                           *
    Serve on:
    Scott Whiteman                         *
    7350-B Grace Drive
    Columbia, MD 21044                     *

*and*                                      *

JOHN DOES 1-10,                            *

    *Defendants.*                          *

*    *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Margo Padilla Demetz, ("Plaintiff"), by and through her attorney, E. David Hoskins and The Law Offices of E. David Hoskins, LLC, and for her Complaint against Defendants, Midland Funding, LLC; Midland Credit Management, Inc.; Fulton Friedman & Gullace, LLP and John Does 1-10, alleges and states as follows:

## PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"); the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (hereinafter "MCDCA"); and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law, § 13-101, *et*

*seq.* (hereinafter "MCPA").

2.     The Plaintiff alleges that the collection practices of Defendants violate the FDCPA, MCDCA and MCPA in their illegal efforts to collect a consumer debt. These collection practices include bringing a legal action to collect the debt against the consumer in a location other than (1) where the contract was signed or (2) where the consumer resides.

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

LAW OFFICES OF
E. DAVID HOSKINS
1 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410·662·6500

4.     The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

5.     The FDCPA is a strict liability statute that provides for actual or statutory damages upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98

LAW OFFICES OF
E. DAVID HOSKINS
2 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

4

F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

6.   The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F.Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

7.   To prohibit harassment and abuses by debt collectors, the FDCPA, at 15 U.S.C. § 1692i, provides that a debt collector who brings any legal action on a debt against a consumer shall bring such action only in the venue in which the consumer resides at the time of the commencement of the action or where the consumer signed the contract sued upon.

## JURISDICTION AND VENUE

8.   The Circuit Court of Maryland has subject matter jurisdiction over claims brought under the FDCPA pursuant to 15 U.S.C. § 1692k(d) which provides that an action to enforce may be brought in federal court as well in any state court of competent jurisdiction.

9.   The Circuit Court of Maryland has personal jurisdiction over each Defendant pursuant to Maryland Code Annotated, Courts and Judicial Proceedings § 6-103(b)(1) and (2). Midland Funding, LLC; Midland Credit

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

Management, Inc. and Fulton, Friedman & Gullace, LLC regularly transact business in Baltimore County, Maryland as part of their debt collecting activities. As alleged herein, Midland Funding, LLC; Midland Credit Management, Inc. and Fulton, Friedman & Gullace, LLC have caused tortious injury in the State of Maryland by acts or omissions relating to their debt collecting activities that have occurred in the State of Maryland.

10.    The Circuit Court for Baltimore County is the proper venue pursuant to Maryland Code Annotated, Courts and Judicial Proceedings § 6-201(b) because there is no single venue applicable to all Defendants under § 6-201(a) and Baltimore County is the jurisdiction where the causes of action alleged herein arose.

## PARTIES

11.    Plaintiff, Margo Padilla Demetz, is an individual who was at all relevant times residing in Baltimore County, Maryland or the state of New York.

12.    Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person improperly sued in the attempt to collect a consumer debt allegedly owed by another consumer. Plaintiff is a "person" as that term is defined by the MCDCA and the MCPA.

13.    Defendant Midland Funding, LLC, is a foreign limited liability company. Midland Funding, LLC is registered to do business in Maryland

LAW OFFICES OF
E. DAVID HOSKINS
1 HAMILL ROAD, STE 362
BALTIMORE, MD 21210
410-662-6500

and is licensed as a debt collector in Maryland. Midland Funding, LLC is regularly engaged, for profit, in the collection of debts allegedly owed by consumers, which it purchases after these debts have gone into default. Midland uses the United States Mail in furtherance of their collection of debts alleged to be due another. In 2012 to date, Midland has retained counsel to file about 7625 lawsuits in the state District Court of Maryland.

14.   Midland Funding, LLC claims to have no employees and conducts its debt collecting activities through an agent, Defendant Midland Credit Management, Inc.

15.   Defendant Midland Credit Management, Inc. is a foreign corporation. Defendant Midland Credit Management, Inc. is registered to do business in Maryland and is licensed as a debt collector in Maryland. Midland Credit Management, Inc. is a company engaged in the business of collecting debts alleged to be due another in the State of Maryland, and uses the United States Mail in furtherance of their collection of debts alleged to be due another. Midland Credit Management, Inc. uses the United States Mail in furtherance of its collection of debts alleged to be due another.

16.   Midland Credit Management, Inc. hired Fulton Friedman & Gullace, LLP to initiate a lawsuit against Plaintiff in an effort to collect a

LAW OFFICES OF
E. DAVID HOSKINS
! HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

debt allegedly owed by Plaintiff to Chase Bank USA, N.A.

17.     Defendant Fulton Friedman & Gullace, LLP is a foreign limited liability partnership. Fulton Friedman & Gullace, LLP is registered to do business in Maryland and is licensed as a debt collector in Maryland. Fulton Friedman & Gullace, LLP is headquartered in Rochester, New York and maintains a Maryland office at 7350-B Grace Drive in Columbia, Maryland. Fulton Friedman & Gullace, LLP is a company engaged in the business of collecting debts alleged to be due another in the State of Maryland, and uses the United States Mail in furtherance of its collection of debts alleged to be due another. In 2012 to date, Scott T. Whiteman, the attorney who filed the complaint against Plaintiff, has also filed approximately 1885 complaints in Maryland, including 344 in the same month as the complaint filed against Plaintiff.

18.     At all relevant times Defendants Midland Funding, LLC; Midland Credit Management, Inc. and Fulton Friedman & Gullace, LLP acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) of the FDCPA. Defendant Midland Funding, LLC is not a creditor of Plaintiff, but rather is a debt buyer attempting to collect a consumer debt in default that it alleges is owed by Plaintiff. Midland Credit Management, Inc. and Fulton Friedman & Gullace, LLP regularly collect or attempt to collect, directly or

LAW OFFICES OF
E. DAVID HOSKINS
1 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

indirectly, debts asserted to be owed or due another.

19.   At all relevant times Defendants Midland Funding, LLC; Midland Credit Management, Inc. and Fulton Friedman & Gullace, LLP acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA.

20.   The acts of Defendants Midland Credit Management, Inc. and Fulton Friedman & Gullace, LLP alleged herein were performed by their respective employees acting within the scope of their actual or apparent authority.

21.   Defendants John Does 1-10, are individuals whose identities are not known to Plaintiff at this time, but which will become known upon proper discovery.

22.   At all relevant times each Defendant was the principal, agent, partner, affiliate, successor in interest or predecessor in interest of some or all of the other defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other defendants so as to be liable for their conduct with respect to the matters alleged below. Each Defendant acted pursuant to and within the scope of the relationships alleged above, that each defendant knew or should have known about, and authorized, ratified,

LAW OFFICES OF
E. DAVID HOSKINS
1 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

adopted, approved, controlled, aided and abetted the conduct of all other defendants.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.    The Subject Debt

23.    Plaintiff currently resides at 5033 Forge Haven Dr., Perry Hall, MD 21128. This address is located in Baltimore County. At all times relevant to this litigation, Plaintiff has resided either at this address or in the State of New York.

24.    While residing in the State of New York, Plaintiff entered into a contract with Chase Bank USA, N.A. for a credit card. Plaintiff subsequently allegedly incurred and later allegedly defaulted on a debt in the amount of $7154.13. This alleged debt will hereinafter be referred to as the "subject debt."

25.    The subject debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) of the FDCPA, as it allegedly arose out of a credit card account that was used primarily for personal, family, or household purposes.

26.    The subject debt is a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA.

27.    Midland Funding, LLC alleges that it bought the subject debt from Chase Bank USA, N.A.

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

28.   Sometime before June 11, 2012, Midland Funding, LLC retained Midland Credit Management, Inc to collect the subject debt. Midland Credit Management, Inc. then hired Fulton Friedman and Gullace, LLP to file a lawsuit against the Plaintiff.

## B.   Defendants Engage in Abusive and Deceptive Tactics

29.   On or about August 22, 2012, Midland Funding, LLC, acting through Midland Credit Management, Inc. and Fulton Friedman & Gullace, LLP brought a legal action against Plaintiff in the District Court for Howard County. Plaintiff did not reside in Howard County at the time of the action. Plaintiff did not sign the contract sued upon in Howard County.

30.   Pursuant to 15 U.S.C. § 1692i(a)(2), unless a debt collector brings an action to enforce an interest in real property securing the consumer's obligation, the debt collector must bring a collection lawsuit only in the venue (1) where the contract was signed or (2) where the consumer resides.

31.   Midland Funding, LLC, acting through Midland Credit Management, Inc. and Fulton Friedman & Gullace, LLP, sued Plaintiff on the subject debt in Howard County despite having actual knowledge that Plaintiff resided in Baltimore County at 5033 Forge Haven Dr., Perry Hall, Maryland 21128 when the complaint was filed against her.

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

11

32.   Midland Funding, LLC, acting through Midland Credit Management, Inc. and Fulton Friedman & Gullace, LLP listed Plaintiff's Baltimore County address on the complaint it filed in the District Court for Howard County.

33.   Midland Funding, LLC, acting through Midland Credit Management, Inc. and Fulton Friedman & Gullace, LLP, attached to the complaint filed in Howard County an invoice prepared by Midland Credit Management, Inc. regarding the subject debt it allegedly purchased. This invoice included Plaintiff's Baltimore County address.

### C.   Plaintiff Suffered Actual Damages

34.   As a result of the acts of Defendants, Plaintiff became distressed and frustrated, and otherwise suffered from emotional distress.

35.   As a direct consequence of the acts, practices and conduct of Defendants, Plaintiff suffered and continues to suffer from emotional distress and frustration.

### COUNT I

### Violation of the Fair Debt Collection Practices Act
### 15 U.S.C. § 1692, *et. seq.*

36.   Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

LAW OFFICES OF
E. DAVID HOSKINS
HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

12

37.   Pursuant to 15 U.S.C. § 1692i(a)(2), a debt collector may only bring legal action on a debt against a consumer in the venue "in which the consumer signed the contract sued upon; or in which such consumer resides at the commencement of the action."

38.   In its attempts to collect the subject debt, Defendants violated the FDCPA by bringing a legal action on a debt against Plaintiff in a venue that was not the venue in which the Plaintiff resided at the time of the commencement of the action and was not the venue where the Plaintiff signed the contract sued upon.

39.   As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from emotional distress, anger and frustration.

## COUNT II

### Violation of the Maryland Consumer Debt Collection Act
### Md. Code Ann., Com. Law, § 14-201, *et seq.*

40.   Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

LAW OFFICES OF
E. DAVID HOSKINS
1 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

41.   The subject debt was a debt which was primarily for personal, family, or household purposes and is therefore a "consumer transaction" as that term is defined by the MCDCA.

42.   Defendants attempted to enforce a right with knowledge that the right does not exist in violation of Md. Code Ann., Com. Law. § 14-201(8) by bringing a legal action on a debt against Plaintiff in a venue that was not the venue in which the Plaintiff resided at the time of the commencement of the action and was not the venue where the Plaintiff signed the contract sued upon.

43.   As a direct consequence of the acts, practices and conduct of Defendants, the Plaintiff suffered and continues to suffer from emotional distress and frustration and is therefore entitled to actual damages pursuant to Md. Code. Ann., Com. Law. § 14-203 from Defendants.

## COUNT III

## Violation of the Maryland Consumer Protection Act
## Md. Code Ann., Com. Law, § 13-101, *et seq.*

44.   Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

45.   Plaintiff is a consumer as defined by the Consumer Protection Act ("CPA"), Maryland Code Annotated, Commercial Law § 13-101(c).

46.   Section 13-303 of the CPA prohibits unfair or deceptive trade practices in the sale of consumer goods and the extension of consumer credit.

LAW OFFICES OF
E. DAVID HOSKINS
: HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

14

47.   Under the CPA, unfair or deceptive practices also include any violation of the MCDCA.

48.   As a direct consequence of Defendants' violation of the CPA, Plaintiff has suffered an injury or loss including inconvenience, emotional distress, loss of sleep, embarrassment and humiliation and is entitled to actual damages and attorneys fees pursuant to CPA §13-408.

WHEREFORE, Plaintiff, Margo Padilla Demetz, respectfully prays for a judgment against Defendants as follows:

a.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1); Md. Code. Ann., Com. Law. § 14-203; and Md. Code Ann., Com. Law § 13-408 in the amount of $30,000.00;

b.   Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.   Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Md. Code Ann., Com. Law § 13-408; and

d.   For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation

LAW OFFICES OF
E. DAVID HOSKINS
1 HAMILL ROAD, STE. 362
BALTIMORE, MD 21210
410-662-6500

costs to be awarded should Plaintiff prevail on any of her claims in this action.

Dated: October 31, 2012          Respectfully Submitted,

*E. David Hoskins*

E. David Hoskins, Esq.
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
Quadrangle Building at Cross Keys
2 Hamill Road, Ste. 362
Baltimore, Maryland 21210
(410) 662-6500 (Tel.)
*dhoskins@hoskinslaw.com*